UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN GULLATT, | ) | 1:07-CV-00873 OWW JMD HC |
| | ) | |
|     Petitioner, | ) | ORDER ADOPTING FINDINGS AND |
| | ) | RECOMMENDATION |
| | ) | [Doc. #16] |
| | ) | |
|   v. | ) | ORDER DENYING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS |
| | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT |
| TOM FELKER, | ) | TO ENTER JUDGMENT |
| | ) | |
|     Respondent. | ) | ORDER DECLINING TO ISSUE |
| | ) | CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Magistrate Judge John M. Dixon, Jr. issued a Findings and Recommendation on October 21, 2008, recommending that the petition for writ of habeas corpus be DENIED with prejudice. The Magistrate Judge further recommended that the Clerk of Court be DIRECTED to enter judgment. The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

On November 25, 2008, Petitioner filed objections to the Findings and Recommendation, pursuant to the Court's order granting Petitioner's request for an extension of time *nunc pro tunc*. In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file and having considered the objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the

record and proper analysis, and there is no need to modify the Findings and Recommendation based on the points raised in the objections.

The Court notes that there exists an inherent tension between Petitioner's first two grounds for relief. Petitioner claims in his second ground for relief that the testimony of Ms. Whaley and Ms. Owens were available at trial in contending that counsel erred in not calling these witnesses or investigating their potential testimony. In his first claim, though, Petitioner asserts that this is newly discovered evidence, as he states in his declaration that both witnesses had been unwilling until now to provide exculpatory testimony. (Pet. Exh. 1 at ¶ 14-15). Regardless, the Magistrate's conclusion that this evidence was cumulative to that submitted at trial is supported by the record and proper analysis.

In support of his objections on the prosecutorial misconduct claim, Petitioner submits the declaration of Mr. James Washington. In this declaration, Mr. Washington declares that his trial testimony was coerced by the police. As this declaration was not previously submitted prior to the filing of objections, it is considered new evidence and this Court has discretion in deciding whether to consider the evidence. *See* United States v. Howell, 231 F.3d 615, 621-622 (9th Cir. 2000); *see also* 28 U.S.C. § 636(b)(1)(c) (stating that in making a *de novo* determination, the district judge "may also receive further evidence or recommit the matter to the magistrate with instructions"). In its discretion, the Court declines to consider Mr. Washington's declaration as it contains similar allegations of prosecutorial misconduct already raised in the Petition. (*See* Pet. Exhs. 2 and 5).

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

   (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

   (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

    (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

    (B) the final order in a proceeding under section 2255.

    (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

    (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued October 21, 2008, is ADOPTED IN FULL;

2. The Petition for Writ of Habeas Corpus is DENIED with prejudice;

3. The Clerk of Court is DIRECTED to enter judgment; and

4. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

**Dated:   December 19, 2008**                   **/s/ Oliver W. Wanger**
                                                    UNITED STATES DISTRICT JUDGE